UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MUHAMMAD A. AZIZ, | ) | Case No.: 4:05 CV 1044 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CORRECTIONAL CORPORATION | ) | AND ORDER |
| OF AMERICA, et al. | ) | |
| | ) | |
| Defendants | ) | |

On April 25, 2005, plaintiff pro se Muhammad Aziz filed this civil rights action against Correctional Corporation of America, Warden R.M. Tapica, Unit Counselor Lombroski, Unit Counselor Summerland, Corrections Officer Yamrod, Corrections Officer Hoes, Corrections Officer J. Martain, Corrections Officer Daniel, Corrections Officer Gross, Corrections Officer Popraski, Psychologist "Batirius," "Medical Staff Prescott," Corrections Officer Payne, and Grievance Coordinator Officer Jackson. Mr. Aziz also filed supplements to his Complaint on May 9, 2005, and June 2, 2005. He challenges numerous conditions of confinement at the Northeast Ohio Correctional Center ("NEOCC") and claims he is being held beyond the expiration of his sentence. He seeks monetary damages and release from custody.

***Background***

Mr. Aziz was serving a ten-month sentence imposed by the United States District Court for the Eastern District of Virginia on November 17, 2004. At the time he filed his pleadings, he was incarcerated in the Northeast Ohio Correctional Center, a private facility operated by Correctional Corporation of America. Mr. Aziz filed a Change of Address with the court on July 12, 2005, indicating he is now being held in the Fairfax County Adult Detention Center.

In his original Complaint, Mr. Aziz objects to numerous conditions to which he claims he was subjected while incarcerated at NEOCC. He claims he and other inmates were denied access to Islamic services. He contends there was no imam available to conduct services and the meals were not prepared by a Muslim chef who understood Islamic law. Mr. Aziz then alleges he was assaulted by an inmate and was placed in segregation. He denies any wrongdoing. He indicates he requested additional time in the law library which he was denied. He states he suffered from food poisoning on one occasion and claims it was the result of an act of discrimination. He claims he was denied appropriate medical care. He indicates that prison staff regularly used racial slurs when speaking about inmates. He claims he was subjected to sleep deprivation and that the telephone system was substandard. Mr. Aziz complains that prison authorities retaliated against him for complaining about the conditions of his confinement.

In the first supplement to his Complaint, filed on May 9, 2005, Mr. Aziz complains that he is being held beyond the expiration of his sentence. He claims he was sentenced to serve ten months of incarceration with credit for time served. He indicates he was taken into custody on August 3, 2004, and therefore should have been released on May 3, 2005. Since he was still incarcerated on that date, Mr. Aziz requests immediate release.

Finally, the second supplemental Complaint filed on June 2, 2005, contains additional

challenges to Mr. Aziz's conditions of confinement. Mr. Aziz claims he suffered chest pains n the segregation unit. He indicates he was given an electrocardiograph examination but claims it was not done properly. He states he is deprived of newspapers, calendars and other sources of current events news. He claims he suffered another bout of food poisoning. Mr. Aziz also reiterates his claim of sleep deprivation, which he indicates is due to corrections officers turning the lights on and off throughout the night. He seeks an award of $1,000,000.00 and $100,000.00 for each day he has been subject to the conditions he challenges in the complaint on the second supplement.

## *Analysis*

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). Moreover, the prisoner must specifically grieve allegations of retaliation or conspiracy against the defendants he names in his complaint. Garrison v. Walters, No. 00-1662, 2001 WL 1006271 (6th Cir. Aug. 24, 2001); Curry, 249 F.3d at 504-05. In the absence of such particularized averments concerning

3

exhaustion, the action must be dismissed. Id.

Title 28 of the Code of Federal Regulations sets forth a four-step grievance procedure for administrative remedies for federal prisoners. Under this title, an inmate initiates the grievance procedure by requesting an Informal Resolution from the prison official whose area of responsibility is most related to the grievance. 28 C.F.R. § 542.13. If the inmate is dissatisfied with the informal response, or if there has been no response to the complaint, the inmate may file a BP-9 form with the institution staff member designated to receive such requests. 28 C.F.R. § 542.14. If this second step does not provide satisfactory results, the inmate may file an appeal on a BP-10 form to the Regional Director. 28 C.F.R. § 542.15. An inmate who is not satisfied with the Regional Director's response may submit an appeal on the appropriate BP-11 form to the General Counsel. 28 C.F.R. § 542.15. The General Counsel's written response to the inmate's appeal is the final decision on the grievance.

Furthermore, the United States Sixth Circuit Court of Appeals recently adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e. See Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005). Under this rule, all of the claims in a complaint which are subject to the requirements of §1997e must be exhausted prior to filing the civil action, or the district court is required to dismiss the complaint in its entirety for failure to exhaust administrative remedies. Bey, 407 F.3d at 806-07. The district court no longer has the option of dismissing just the unexhausted claims and proceeding with the claims that have been submitted through the relevant grievance process. Id. A prisoner whose "mixed" complaint was dismissed may either wait until all of his claims have been exhausted to file his action, or file a new action which contains only the exhausted claims. Id. at 808.

There is no indication in any of the pleadings submitted by Mr. Aziz that he exhausted his

4

administrative remedies for any of these claims. He states at one point that he filed grievances with Officer Jackson regarding access to the law library, but did not receive a response. (Compl. at 2-3.) He also states that he filed a grievance regarding the "continued events of sleep deprivation" on April 21, 2005. He indicates he received no reply. For each of these grievances, Mr. Aziz fails to indicate which form he filed or against whom it was filed. He provides no information concerning exhaustion of administrative remedies for his other claims. Because Mr. Aziz has not demonstrated that he completed the grievance process for each claim asserted against each defendant, the court is required by the rule of total exhaustion to dismiss without prejudice all of the claims concerning conditions of confinement.

The court notes that Mr. Aziz's claim concerning incarceration beyond the expiration of his sentence as set forth in the first supplement to the complaint, is not subject to the exhaustion requirements of 42 U.S.C. § 1997e. As it is set forth in the supplement, however, it is not the proper subject of a civil rights action. When a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).[1] Because Mr. Aziz is now being held in the Fairfax County Adult Detention Center, it is unclear whether his request for immediate release is now moot. To the extent that he may still have a viable claim, it is also dismissed without prejudice.

### *Conclusion*

Accordingly, plaintiff's claims challenging the conditions of confinement at the Northeast

---

[1] Prisoners must still exhaust administrative remedies prior to filing a federal habeas corpus action under 28 U.S.C. § 2241. See 28 C.F.R. § 542.10.

5

Ohio Correctional Center are dismissed without prejudice pursuant to 42 U.S.C. § 1997e. His claim concerning the duration of his incarceration is also dismissed without prejudice. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

       IT IS SO ORDERED.


                                            /s/SOLOMON OLIVER, JR
                                            UNITED STATES DISTRICT JUDGE

July 25, 2005

---

[2] 28 U.S.C. § 1915(a)(3) provides:

    An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.